Daniel J. McLoon (State Bar No. 109598)
djmcloon@jonesday.com
Suzanne Cate Jones (State Bar No. 157496)
scjones@jonesday.com
Lisa C. McCurdy (State Bar No. 228755)
lcmccurdy@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EUNICE M. HARMS and GLENN WATANABE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and DOES 1-10,<br><br>Defendants. | Case No. C 07-00697 (JF)<br><br>Assigned for all purposes to the Honorable Jeremy Fogel<br><br>RESPONSE TO PLAINTIFFS' NOTICE OF PREVIOUSLY DISMISSED ACTION AND DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF KIMBERLY HUGHES AND LISA C. MCCURDY IN SUPPORT THEREOF<br><br>[Proposed Order Filed Concurrently Herewith]<br><br><u>HEARING</u><br><br>DATE: May 11, 2007<br>TIME: 9:00 a.m.<br>COURTROOM: 3 (5TH FLOOR) |

LAI-2850152v1

Experian's Response to Notice of Previously
Dismissed Action and Motion To Transfer
CASE NO. C 07-00697 (JF)

1  TO THE PLAINTIFFS AND TO THEIR COUNSEL OF RECORD HEREIN:

2  PLEASE TAKE NOTICE that on May 11, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jeremy Fogel in Courtroom 3 (5th Floor) of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, defendant Experian Information Solutions, Inc. ("Experian") will, and hereby does, move this Court for an order transferring this action to the United States District Court for the Central District of California.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the supporting declaration of Kimberly Hughes, all the papers, pleadings, and records on file herein, and on such other matters as may properly come before the Court at the time of the hearing.

Dated: April 5, 2007

JONES DAY

By: /s/ Suzanne Cate Jones
Suzanne Cate Jones

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' counsel have filed this case in the Northern District of California for one reason only: their chances of certifying a class on virtually identical claims were all but eliminated before the Central District of California by the Honorable Percy Anderson in <u>Laurence Stearn v. Experian Information Solutions, Inc.</u>, Case No. CV06-2249 PA (SHx) (the "Stearn Class Action"), a case pending just last year before Judge Anderson in the Central District. Having voluntarily dismissed the Stearn Class Action with prejudice following an unfavorable ruling by Judge Anderson, Plaintiffs' counsel have now selected new class representatives and refiled virtually the identical case approximately 350 miles away, hoping to have found a more favorable forum.

Pursuant to 28 U.S.C. § 1404(a), and for the compelling reasons discussed below -- including the convenience of parties, witnesses, and in the interest of justice (particularly, the deterrence of forum and judge shopping) -- this action should be transferred back to the United States District Court for the Central District of California.

## II. FACTUAL BACKGROUND

On April 13, 2006, Plaintiffs' counsel filed the Stearn Class Action in the Central District.[1] Plaintiff Stearn, just like Plaintiffs herein, alleged that Experian violated Section 1681e(b) of the Fair Credit Reporting Act ("FCRA") by inaccurately reporting information regarding his home equity line of credit ("HELOC"). Specifically, just like Plaintiffs herein, he alleged that Experian wrongfully "categorized" his HELOC as a "revolving" account and failed to adequately indicate that the HELOC was secured by real property. Just like the instant case, the Stearn Class Action purported to represent a nationwide class of individuals whose HELOCs had been reported in this same allegedly unlawful manner by Experian.

---

[1] A true and correct copy of the Stearn Class Action Complaint ("Stearn Complaint") is attached to Plaintiffs' "Notice of Previous, Dismissed Action Involving Similar Issues" as "Exhibit A."

LAI-2850152v1    - 1 -    Experian's Response to Notice of Previously Dismissed Action and Motion To Transfer
CASE NO. C 07-00697 (JF)

The parties in the Stearn Class Action appeared before Judge Percy Anderson on July 17, 2006 for the Early Scheduling Conference. Attached to the Declaration of Lisa C. McCurdy ("McCurdy Decl.") as Exhibit 1 is the Joint Rule 26(f) Scheduling Conference Report submitted to Judge Anderson in advance of the conference. At the outset of the conference, Judge Anderson asked Plaintiff's counsel to describe the case, then noted Plaintiff's failure to comply with the Central District's Local Rule 23-3 (Class Actions), requiring that "[w]ithin 90 days after service of a pleading purporting to commence a class action...the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." Plaintiff's counsel provided no explanation for their failure to comply with the Rule. After considering the evidence and hearing argument on the issue, Judge Anderson ordered the class allegations of the Stearn Class Action stricken from the complaint "because of the failure to comply with [Local Rule 23-3], which [the Court assumes] any competent counsel that is familiar with class actions would have been aware, well aware." [Reporter's Transcript of Proceedings from July 17, 2006 Scheduling Conference at 9:22-25][2]

Following the court's ruling, on July 24, 2006 Plaintiff's counsel filed several declarations, purportedly for the purpose of "apologizing to the Court" for lead counsel's failure to attend the conference.[3] Judge Anderson did not respond to the unsolicited declarations. Over a month later, on August 28, 2006, Plaintiff's counsel filed a self-styled "Motion for Relief from Court's Order Striking Plaintiff's Class Allegations" ("Motion for Relief"), failing to comply with (or even acknowledge the existence of) another appropriate Central District Local Rule, Rule 7-18 (Motion for Reconsideration). In their Motion, Plaintiff's counsel set forth a list of far-fetched and mostly unsupported reasons why Plaintiff was not obligated to comply with the seemingly straight-forward and, in fact, *only* local rule specifically concerning class actions in the Central District. Experian filed its Opposition to Plaintiff's Motion for Relief from Court's Order Striking Plaintiff's Class Action Allegations ("Opposition"), which Plaintiffs here have opted not

---

[2] A true and correct copy of the full Reporter's Transcript of Proceedings from July 17, 2006 Scheduling Conference is attached to the McCurdy Decl. as Exhibit 2.

[3] Attached to the McCurdy Decl. as Exhibit 3 are true and correct copies of the declarations filed by plaintiffs' counsel following Judge Anderson's ruling.

to present to this Court. Experian's Opposition, attached to the McCurdy Decl. as Exhibit 4, addressed Plaintiff's erroneous legal theories and numerous factual inaccuracies.

Then, on September 28, 2006, after litigating the case for nearly six months and after learning that Judge Anderson was not interested in hearing oral argument on Plaintiff's Motion for Relief, Plaintiff's counsel abruptly proposed a stipulation for dismissal (with prejudice) to Experian via email with no explanation.

The Stearn Class Action has now been refiled before this Court, albeit with different named class representatives. Any differences between the Stearn Complaint and the Complaint filed in this case are nothing more than additions and clarifications to the Stearn Complaint, owed almost exclusively to information acquired by Plaintiffs' counsel during the course of discovery in the Stearn Class Action.

## III. THE APPLICABLE LEGAL STANDARDS

A transfer of venue based on convenience is provided for under 28 U.S.C. § 1404(a), which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Thus, a transfer of venue pursuant to 28 U.S.C. § 1404(a) is based on a two-part analysis. First, the district or division where the moving party seeks to transfer the case must be a district or division where the case originally could have been brought (meaning, another district or division where venue is also proper). Second, the alternative district or division proposed by the moving party must better serve the "convenience of the parties and witnesses" and be in the "interest of justice." The facts and circumstances of the present case easily met each of these standards.

The purpose of §1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotations omitted), and the court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000)

1  (internal quotations omitted). See also Fodor v. Berglas, 1994 WL 822477 *2 (C.D. Cal. Dec. 27,
2  1994) ("propriety of transfer under § 1404(a) is within the sound discretion of the trial judge"),
3  *citing* Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979); *accord*
4  United States Aluminum Corp. v. Kawneer Co., Inc., 694 F.2d 193, 195-96 (9th Cir. 1982).

5      It is important to note that while the relevant factors to consider for a § 1404(a) transfer
6  are the same as those to be considered under a *forum non conveniens* analysis, the district court's
7  discretion to transfer under § 1404(a) is broader than its discretion to dismiss for *forum non*
8  *conveniens*. Lung v. Yachts Int'l, Ltd., 980 F. Supp. 1362, 1370 (D. Haw. 1997), *quoting*
9  Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) ("'Congress ... intended to permit courts to grant
10 transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have
11 changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion
12 to be exercised is broader'"). Under the particular facts and circumstances of this case, a transfer
13 of venue back to the Central District is warranted to serve the interests of justice, prevent the
14 waste of time, energy and money, and for the convenience of parties and witnesses.

## IV.   ARGUMENT

### A.   The Interests Of Justice Are Met By Transferring This Case To The Central District Of California.

Plaintiffs' counsel has been disingenuous with this Court in an effort to secure what they hope will be a more favorable forum.

#### 1.   Plaintiffs' Counsel Was Not Candid With This Court When Filing The Instant Complaint.

When Plaintiffs' counsel filed the instant action, they made no reference to the Stearn Class Action, previously dismissed by *identical* Plaintiffs' counsel in the Central District. Plaintiffs' counsel went even farther than a mere omission, *affirmatively* stating in their Complaint that they "are not aware of any other litigation concerning the controversy already commenced by or against members of the class." [Harms Complaint, ¶ 28]. Not so ironically, upon learning that Experian had retained the same outside counsel that had represented Experian in the Stearn Class Action, Plaintiffs' counsel expeditiously filed with this Court its "Notice of

Previous, Dismissed Action Involving Similar Issues." This series of events can only be viewed as a two-part strategy on the part of Plaintiffs' counsel: first, they hoped to hide the Stearn Class Action from this Court's attention and, second, they tried to appear forthright once they learned Experian had retained the same outside counsel as in the Stearn Class Action. Such lack of candor should not be rewarded.

### 2. Plaintiffs' Counsel Was Not Candid With This Court When Filing Their "Notice Of Previous, Dismissed Action Involving Similar Issues."

Plaintiffs' "Notice Of Previous, Dismissed Action Involving Similar Issues" is equally misleading, incomplete, and misconstrues the events that took place over nearly six months of litigation in the Stearn Class Action. Just as they did during the Stearn Class Action, Plaintiffs' counsel are attempting to blame both Experian and Judge Anderson for their failure to follow the only Local Rule in the Central District dealing with certification of class actions. In truth, the complete record from the Stearn Class Action reveals the following:

First, Experian never intended (nor did it ever have authority) to relieve Plaintiff's counsel of their obligations under Central District Local Rule 23-3. As Experian discussed thoroughly in its Opposition (Exhibit 4 to the McCurdy Decl.), the Parties Joint Rule 26(f) Report was not intended by Experian as a substitute for Plaintiff's compliance with the Local Rule. The parties never discussed Local Rule 23-3 during their meet and confer sessions and the Parties Joint Report makes no reference to that Rule. [See Exhibit 1 to McCurdy Decl.]. Second, Plaintiffs' Motion for Relief cited no authority for the proposition that a Joint Report can adequately satisfy the requirements of Local Rule 23-3, or that Judge Anderson's ruling was in any way unusual or improper. Third, the Court struck Plaintiff's class allegations based on counsel's violation of the Local Rule and on its concern regarding adequacy of class counsel. [See Reporter's Transcript of Proceedings from July 17, 2006 Scheduling Conference, p. 4, attached to the McCurdy Decl. as Exhibit 2, and Declarations of J. Mark Moore, Daniel I. Barness, and Ira Spiro re: July 17, 2006 Early Scheduling Conference, attached to the McCurdy Decl. as Exhibit 3.]

### 3. Allowing Plaintiffs To Litigate In This District Is To Allow Forum Shopping.

The type of judge shopping engaged in here by Plaintiffs' counsel has been condemned by Northern District of California. In Italian Colors Restaurant v. American Express Co., No. C 03-3719 SI, 2003 WL 22682482, a *1 (N. D. Cal. Nov. 10, 2003), a putative class action was filed in the Eastern District of New York on behalf of a nationwide class. Months later, a second and nearly identical complaint with a different named plaintiff was filed in the Central District of California, but never served. Three weeks later, yet another nearly identical complaint with a different named plaintiff was filed in the Northern District of California. Italian Colors, 2003 WL 22682482, at *1. Defendants in the third case filed a motion to transfer venue to the Eastern District of New York. In addition to assessing the convenience of the parties and the availability of witnesses and evidence, the Northern District noted that "[o]ne could rationally infer forum shopping here, based on plaintiff's repeat filing," and the fact that "[t]hroughout this 'odyssey'...the roster of plaintiffs' counsel has remained substantially the same." Id. at *4. As a result, the court disregarded the named plaintiff's choice of forum in the Northern District and granted defendants' motion to transfer venue. Id. at *7.

Similarly, in Soehngen v. Leal, No. C 00-0157 CRB, 2000 U.S. Dist. LEXIS 1752 (N.D. Cal. Feb. 14, 2000), a plaintiff repeatedly filed and dismissed complaints presenting "substantially the same claims" in multiple divisions of the Northern District. The Court first noted that plaintiff's newly filed complaint named "an additional defendant and...a handful of new facts, but the focus of the complaint remain[ed] unaltered." Soehngen, 2000 U.S. Dist. LEXIS 1752, at *13. Stating its opinion succinctly, the court stated that it "does not approve of this breed of judge-shopping." Id. at *14.

Indeed, the only rational inference to be drawn based on Plaintiffs' counsel's conduct is that they are shopping for a second chance with a more favorable judge.[4] At a minimum,

---

[4] Both the Northern and Central Districts of California have adopted local rules that discourage this type of judge and forum shopping. See N.D. Local Rule 3-3(c) regarding refiled actions and C.D. Local Rule 83.1.2.2 regarding assignment of refiled actions.

Plaintiffs' counsel should be required to pick up where they left off, before the United States District Court for the Central District of California.

### B. Venue Is Proper In The Central District Of California.

The applicable statutory provision for venue in this federal question case is 28 U.S.C. § 1391(b), which provides that venue may be proper in several judicial districts, including "a judicial district where any defendant resides, if all defendants reside in the same State" 28 U.S.C. § 1391(b)(1).

The word "resides" in 28 U.S.C. § 1391(b) is defined by 28 U.S.C. § 1391(c), which states "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Experian, the sole defendant in this action, is an Ohio corporation with its principal place of business located in Costa Mesa, Orange County, California. Experian conducts business throughout the United States, including the State of California. Given that Experian's principal place of business is Orange County, California, and it does business throughout the State of California (including the County of Los Angeles), venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(1) (a judicial district where sole defendant resides).

### C. The Convenience of Parties and Witnesses Will Be Best Served By Transferring This Case to the Central District of California.

#### 1. Little Weight, If Any, Should be Given to Plaintiffs' Venue Selection in this Case.

The Northern District of California has stated that "a plaintiff's choice of forum should receive little deference when he brings suit in a representative capacity, such as in the case of a class action...." Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., No. C 03-3711 MHP, U.S. Dist. LEXIS 2608, at *5 (N. D. Cal. Oct. 14, 2003). In this case, Plaintiffs purport to represent a class of persons consisting of "all persons in the United States of America" that meet Plaintiffs' specified criteria. [Complaint at ¶ 21]. Plaintiffs' have in no way limited the purported class to residents in the Northern District of California, or even the State of California.

1   According to Plaintiffs' Complaint, this case will involve persons from all over the country in the
2   event a class is certified. The Northern District will provide no greater convenience for the
3   represented class than any other jurisdiction in this country.
4       That named class representatives Eunice Harms and Glenn Watanabe reside in Santa
5   Clara County should similarly carry very little weight in determining the appropriate venue.
6   Plaintiffs' class definition is nearly identical to the class definition set forth in the Stearn class
7   action. [Complaint at ¶ 21; Stearn Complaint at ¶ 16]. As such, Eunice Harms and Glenn
8   Watanabe would presumably have been members of the class proposed in the Stearn class action
9   had the case not been dismissed and refiled by Plaintiffs' counsel.
10      Notably, Plaintiffs' counsel was previously willing to litigate the same issues, concerning
11  the same proposed class, and involving the same Defendant in the Central District. As recognized
12  under similar circumstances in Italian Colors where three nearly identical cases were filed in three
13  separate districts by the same plaintiff's counsel, "[i]nterchangeable plaintiffs could be and have
14  been found in several districts...." Italian Colors, 2003 WL 22682482, at *4. Plaintiffs' counsel,
15  who also reside in the Central District, offer no persuasive reason (and, indeed, one does not
16  exist) why this case should not likewise be litigated in the Central District.

17          **2.    The Central District Provides A More Convenient Forum For
18                  Defendant And For The Availability Of Witnesses And Evidence.**

19      The Central District is a more convenient forum for Defendant Experian and its witnesses.
20  Experian's principal place of business and the majority of the persons it would likely call as
21  witnesses, including executives and persons knowledgeable about Experian's practices and
22  systems, are located in Costa Mesa, California. Costa Mesa, California is located approximately
23  40 miles from the Western Division of the Central District, the Division in which the Stearn Class
24  Action was previously pending. The San Jose Division of the Northern District, on the other
25  hand, is located approximately 382 miles from Experian's principal place of business.[5] This
26  added distance will impose a significant burden on Experian at trial in terms of time and expense

27  ---
    [5] Additionally, both counsel for Experian and counsel for Plaintiffs are located in the Los
    Angeles area. If this case is to remain in the Northern District, it will essentially be litigated by
28  mailbox and e-mail.

that can be alleviated by a transfer to the Central District. The nationwide class that Plaintiffs' counsel hope to certify, however, located all across the country, will be spared little burden by litigating in the Northern District as opposed to the Central District.

In addition, as a result of litigating the Stearn Class Action for six months and engaging in significant discovery during that time, Experian is aware that much of the key evidence relating to the claims set forth in the Complaint is located at Experian's principal place of business in Costa Mesa, California. This evidence includes documentation such as Plaintiffs' credit disclosures, administrative reports, documents relating to Experian's practices, procedures, and systems, as well as other evidence. Yet, again, the evidence produced by the nationwide class will presumably be located all across the county and ease of access will be relatively the same in both the Northern and the Central Districts.[6] These factors, combined with Plaintiffs' counsel's obvious forum shopping, leads to the conclusion that this case belongs in the Central District.

## V.  CONCLUSION

For all of the reasons set forth above, and to further the interest of justice, Defendant Experian requests a transfer of this action to the Central District of California, under 28 U.S.C. §1404(a).

Dated: April 5, 2007

JONES DAY

By: /s/ Suzanne Cate Jones

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

---

[6] While Plaintiffs' make conclusory allegations in their Complaint that "a substantial part of the events or omissions which give rise to the claims occurred within this Division, specifically Santa Clara County," Plaintiffs do not suggest what those events or omissions are.