"EXHIBIT 3"

1  Daniel I. Barness
      SBN 104203, dbarness@smbhblaw.com
2  Ira Spiro
      SBN 67641, ispiro@smbhblaw.com
3  J. Mark Moore
      SBN 180473, mmoore@smbhblaw.com
4  SPIRO MOSS BARNESS HARRISON & BARGE LLP
   11377 W. Olympic Blvd., Fifth Floor
5  Los Angeles, CA 90064
   Telephone: (310) 235-2468
6  Facsimile (310) 235-2456

7  Attorneys for LAURENCE STEARN

8

9              UNITED  STATES DISTRICT COURT

10            CENTRAL  DISTRICT OF CALIFORNIA

11

12

13  LAURENCE STEARN, individually       ) CASE NO. CV06-2249 PA (SHx)
    and on behalf of all others similarly )
14  situated,                           )
                                        ) DECLARATION OF DANIEL I.
15            Plaintiffs                 ) BARNESS, ATTORNEY FOR
                                        ) PLAINTIFF, RE  SCHEDULING
16                                       ) CONFERENCE
         V.                             )
17                                       )
18  EXPERIAN INFORMATION               ) Date:      July 17, 2006
    SOLUTIONS, INC., and DOES 1-10,     ) Time:      10:30 a.m.
19  inclusive,                          ) Ctrm:      15
                                        )
20                                       )
         Defendants.                    )
21                                       )
                                        )
22  _____)

23

24

25

26

27

28

                                    1

## DECLARATION OF DANIEL I. BARNESS

I, DANIEL I. BARNESS, declare:

1.    I am an attorney at law duly admitted to practice before all courts of the state of California and before this court. I was admitted to practice in California in 1982 and in New York in 1985. I am admitted to, and have appeared before federal courts of all the districts of California, as well as districts outside of California. I am a partner in the law firm of Spiro Moss Barness Harrison & Barge LLP. I am one of the attorneys of record for Laurence Stearn, plaintiff herein. Together with Ira Spiro, I am co-lead counsel for plaintiff. The facts stated herein are known to me personally to be true, and if called upon to testify as to the truth of such facts, I could and would so testify.

2.    First, I wish to apologize to the Court and to opposing counsel for not having been present at the July 17, 2006 Scheduling Conference in this matter, as I had intended and attempted to be. I and the other attorneys in my firm working on the case felt we should formally write the Court and defense counsel to offer our apologies, rather than let the matter go unspoken until further proceedings in the case. We are not submitting our declarations for any purpose on the merits of the case, but only to apologize and explain the circumstances of why only Mr. Moore appeared for plaintiffs at the Scheduling Conference.

3.    For the reasons explained below, I mistakenly believed that the Scheduling Conference had been canceled.  I am co-lead and co-trial counsel Ira Spiro, another partner in my law firm. We truly have equally leading roles for Plaintiff. He and I and Mark Moore, another attorney in our firm working on the case, had planned for Mr. Moore and me to attend the Scheduling Conference.

1    Mr. Spiro would have attended too, but he had to go to Texas for a deposition in
2    another case.
3
4         4.      My first mistake was in believing that the Scheduling Conference
5    was to be held in the Roybal Building, rather than in the federal courthouse on
6    Spring Street. In retrospect, I should have confirmed for myself where the hearing
7    was to be held.  Unfortunately, however, the following set of circumstances
8    diverted me:  I arrived at the Roybal Federal Building, and cleared security one-
9    half hour before the appointed time for the Scheduling Conference, set for 10:30
10   a.m. on July 17, 2006, with plenty of time to correct my mistake, had I learned in
11   time the correct location of the Scheduling Conference. I went up to the fifth
12   floor, where I encountered a security officer. I asked him which courtroom was
13   Judge Anderson's. The security officer told me that Judge Anderson was out for
14   the day, that he had canceled his hearings for the day, and would be back on the
15   following day, Tuesday, but did not mention that Judge Anderson holds court in
16   the Spring Street courthouse. (I later learned that my colleague Mark Moore was
17   given the same misinformation about the judge's absence, but that he was able to
18   get better information in time to attend the hearing.)  Although at this point I still
19   would have had plenty of time to correct my mistake and walk over to the Spring
20   Street courthouse, I had no reason to believe I was in the wrong courthouse.  Still
21   wishing to locate Judge Anderson's courtroom, I also asked a lawyer who was in
22   the hallway whether she knew which courtroom was Judge Anderson's. She told
23   me she thought it was the "high-security courtroom" at the end of the hallway.  I
24   checked that courtroom, which does not have a Judge's name associated with it,
25   and it was dark, again giving me no reason to believe that what the security
26   officer had told me was incorrect. I then checked the courtroom of Magistrate
27   Hillman, who is assigned to this case, and that courtroom was also dark.
28

DECLARATION OF DANIEL I. BARNESS RE SCHEDULING CONFERENCE

1    5.    I did not inquire of Magistrate Hillman's staff in their offices
2  because, based on the information from two different people, including court
3  personnel, I had no reason to doubt that indeed Judge Anderson was **not**
4  conducting court that day.  I attempted to reach Mark Moore, who was to attend
5  the Scheduling Conference with me.  Since, however, I was not permitted to take
6  my cell phone into the courthouse and thus left it in my car, and I had no change
7  with which to make a pay phone call, I returned to my car, then under the
8  mistaken assumption that Judge Anderson was not conducting hearings that day.
9  When I arrived back at my car, I called my office on my cell phone to find out if
10  Mr. Moore had checked in, and whether they had received any information about
11  the hearing.  I was told "no" in response to both questions.  I then called Mr.
12  Moore's cell phone, and as he did not answer, I left a voicemail  message, telling
13  him that I had learned that Judge Anderson's hearings had been canceled for the
14  day and that Mr. Moore should call me back immediately.  (But for the timing of
15  this call, and the fact that Mr. Moore also was not permitted to take his cell phone
16  into the courthouse, I might have been able to correct my misinformation.)
17
18    6.    Mr. Moore did not return my call until after the Scheduling
19  Conference, because, as I later found out, he also did not have access to his cell
20  phone until that time.   It was then that I learned, to my great dismay, that the
21  Scheduling Conference had been conducted in the Spring Street courthouse.  I
22  felt terrible, because the Court was understandably upset with Plaintiff's lead
23  counsel's failure to attend.
24  //
25  //
26  //
27  //
28  //

4

DECLARATION OF DANIEL I. BARNESS RE SCHEDULING CONFERENCE

1      I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct and that this declaration was

3  executed July 24, 2006 at Los Angeles, California.

4

5

6                  DANIEL I. BARNESS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DANIEL I. BARNESS RE SCHEDULING CONFERENCE

**PROOF OF SERVICE**
**Stearn v. Experian Information Solutions, Inc.**
**USDC Case No. CV06-2249PA(SHx)**
**Western Division**

I am over the age of eighteen years and not a party to the within action. My business address is 11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064-1683. I am employed at that address at the firm of Spiro Moss Barness Harrison & Barge LLP. On the date set forth below I served the document(s) described as **DECLARATON OF DANIEL I. BARNESS, ATTORNEY FOR PLAINTIFF, RE SCHEDULING CONFERENCE** on all the interested parties in this action, by placing: [ ] the original [xx] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss Barness Harrison & Barge LLP:

Suzanne Cate Jones, Esq.
Lisa McCurdy, Esq.
Jones Day
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telephone (213) 243-2580
Facsimile (213) 243-2539

[ ] **BY MAIL:** I am readily familiar with this firms's practice of collection and processing correspondence for mailing with the United States Postal Service. On the date set forth below, at the firm of Spiro Moss Barness Harrison & Barge LLP at the above address, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices. Under the above-mentioned practice of Spiro Moss Barness Harrison & Barge LLP, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

[ X ] **BY METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY** On the date set forth below I deposited such envelope(s) in a box or other facility regularly maintained by the express service carrier, or delivered such envelope(s) to an authorized courier or driver authorized by the express service carrier to receive documents, with delivery fees paid or provided for. The envelope was an envelope or package designated by the express service carrier.

[ ] **(BY PERSONAL SERVICE):** I personally served said document(s) on the date set forth below, by leaving them, inside the envelope(s) clearly labeled to identify the attorney(s) being served, at the offices of the attorney(s) listed above, at the address(es) listed above, with a receptionist or other person having charge of the office(s), between the hours of 9:00 a.m. and 5:00 p.m.

[ ] **BY FACSIMILE** On the date set forth below, I transmitted the above document(s) from facsimile machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[ X ] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Los Angeles County, California, on July 24, 2006.

Gail Sutter

1   Daniel I. Barness
        SBN 104203, dbarness@smbhblaw.com
2   Ira Spiro
        SBN 67641, ispiro@smbhblaw.com
3   J. Mark Moore
        SBN 180473, mmoore@smbhblaw.com
4   Spiro Moss Barness Harrison & Barge LLP
    11377 W. Olympic Blvd., Fifth Floor
5   Los Angeles, CA 90064
    Telephone: (310) 235-2468
6   Facsimile (310) 235-2456

7   Attorneys for Plaintiff LAURENCE STEARN

8

9                    UNITED  STATES DISTRICT COURT

10                  CENTRAL  DISTRICT OF CALIFORNIA

11

12
    LAURENCE STEARN, individually and  )
13  on behalf of all others similarly situated,  )    CASE NO. CV06-2249 PA(SHx)
                                              )
14                  Plaintiffs              )    [Assigned to Hon. Judge Percy
                                              )    Anderson, Rm. 15]
15                                          )
                                              )
16            v.                            )    DECLARATION OF J. MARK
                                              )    MOORE REGARDING JULY 17,
17  EXPERIAN INFORMATION              )    2006 EARLY SCHEDULING
    SOLUTIONS, INC., and DOES 1-10,    )    CONFERENCE
18                                          )
                                              )    Date:        July 17, 2006
19              Defendants.             )    Time:       10:30 a.m.
                                              )    Ctrm:       15
20  _____

21

22

23

24

25

26

27

28

                                    1

I, J. Mark Moore, hereby declare as follows:

1.   I am an attorney duly licensed to practice before all of the courts of the State of California and the Ninth Circuit, including the Central District of California. I was admitted to practice in California in December 1995.  Prior to joining Spiro Moss Barness Harrison & Barge this year, I practiced law an associate and then a partner at Barger & Wolen LLP in downtown Los Angeles, defending corporations in class actions in state and federal courts in California and elsewhere.  Over the course of my career I have been admitted, *pro hac vice*, to practice in federal district courts in at least a half a dozen other states.  I am one of the attorneys primarily responsible for handling this matter on behalf of Plaintiff Laurence Stearn ("Plaintiff"), and will be one of the trial counsel in this matter, along with my colleagues Mr. Spiro and Mr. Barness, who are co-lead trial counsel.  The facts stated herein are known to me personally to be true, and if called upon to testify as to the truth of such facts, I could and would so testify.

2.   This Declaration is made solely for the purpose of fully explaining the facts regarding the absence of lead trial counsel at the Early Scheduling Conference on July 17, 2006.   My colleagues and I believe it is appropriate to explain these facts now, rather than waiting until some later date in the case, given that the Court may believe that we intentionally disregarded the Court's Standing Order requiring the presence of lead counsel at the Early Scheduling Conference.  That is not the case, and we apologize for the confusion, which was the result of a series of unfortunate events, as set forth below.

3.   On July 17, 2006, I arrived at the courthouse for the Early Scheduling Conference at approximately 9:45 a.m.  My colleague, co-lead trial counsel Mr. Barness and I had agreed to meet at the courthouse at 10:00 a.m. to further discuss our

DECLARATION OF J. MARK MOORE REGARDING JULY 17, 2006 EARLY SCHEDULING
CONFERENCE

1  thoughts in advance of the Early Scheduling Conference.  Upon entering the

2  courthouse, I learned of the existence of the recently-enacted local rule prohibiting the

3  presence of cell phones with camera capability inside the courthouse.  Because I had

4  had to park far away, I took the suggestion of the courthouse security officer and took

5  my phone across the street to a postal outlet which stored it for me for a fee during my

6  appearance.  At the time, I had no reason to believe that I would be needing my phone

7  prior to the Early Scheduling Conference, and security would not allow me to bring it

8  in anyway.

9

10      4.      Upon returning to the courthouse and proceeding again through security,

11  I asked the security officer for the quickest route to Courtroom 15.  The security

12  officer told me which way to go, but also informed me that Judge Anderson's

13  courtroom was dark, because Judge Anderson was in trial in the Roybal Building.  I

14  asked the officer if he was certain of his information, since I had a scheduled 10:30

15  appearance in Courtroom 15 and had not received notice that the appearance was

16  cancelled.  After leafing through a stack of papers, the officer came upon a sheet of

17  paper which indicated, to his evident surprise, that, in fact, Judge Anderson did have a

18  scheduled calendar in Courtroom 15 that day.  I then proceeded to the hallway outside

19  Courtroom 15 to await Mr. Barness's arrival.

20

21      5.      Mr. Barness, however, did not arrive, for reasons explained in his

22  accompanying Declaration.  When defense counsel, Ms. Jones, arrived, I informed her

23  that I was expecting Mr. Barness, but that I had not yet seen him.  She explained that

24  she had had some difficulty finding parking, and that perhaps Mr. Barness was having

25  similar difficulty.  (Based on this, and because I did not have my cell phone, I

26  continued to await his arrival in the hallway.)

27  //

28  //

DECLARATION OF J. MARK MOORE REGARDING JULY 17, 2006 EARLY SCHEDULING
CONFERENCE

1    6.    When court personnel unlocked the doors at approximately 10:30, I

2  checked in. I told the Court's clerk that I was expecting Mr. Barness to be in

3  attendance with me, but that he had not arrived.

4

5    7.    After the first matter on the calendar concluded, Mr. Barness still had not

6  arrived, so we had to proceed without him. When the Court asked the parties' counsel

7  about the identity of lead trial counsel, I stated truthfully that I *presumed* that Ira

8  Spiro would be lead trial counsel. When asked where Mr. Spiro was, I informed the

9  Court that Mr. Spiro was at a deposition in Texas in another class action. (I thought

10  the deposition was that day but learned later that Mr. Spiro was traveling to Texas

11  that day for a deposition the next day.) I also mentioned to the Court that I had

12  expected Mr. Barness to be present with me, but that I did not know his whereabouts.

13  When the Court inquired whether I had received a copy of its Standing Order, I stated

14  that I had.

15

16    8.    After the Early Scheduling Conference concluded, I retrieved my cell

17  phone from the postal outlet and checked my voice messages. It was then that I

18  learned that Mr. Barness had left me a message stating that he (like me) had been told

19  that the Court's calendar had been cancelled and that (after the further investigation he

20  describes in his Declaration) he was going to head home. He indicated he assumed I

21  had already left too, but asked me to call him back. However, because I had left my

22  cell phone outside the courthouse, I had not gotten Mr. Barness' message prior to the

23  hearing. Accordingly, I could not call him back to alert him that he had been given

24  inaccurate information and that I had discovered that, in fact, the Early Scheduling

25  Conference was still scheduled to take place.

26  //

27  //

28  //

4

DECLARATION OF J. MARK MOORE REGARDING JULY 17, 2006 EARLY SCHEDULING
CONFERENCE

9.   While driving back to the office, I reached Mr. Barness by telephone, and explained what had happened in court during his absence.  Mr. Barness confirmed again that he had been told that the Court's proceedings had been cancelled, which is why he had not been in attendance.  I also telephoned Mr. Spiro to inform him of the results of the Scheduling Conference, and of the fact that the Court had been unhappy that lead trial counsel was not present.  Mr. Spiro confirmed that Mr. Barness is, in fact, co-lead trial counsel in this case.  I had not been aware of this when asked by the Court about the identity of lead trial counsel, although I note that I responded only that I *presumed* that it would be Mr. Spiro.

10.   My review of our firm's Case List, which we use for internal purposes to identify the various attorneys and secretaries assigned to the firm's cases, reveals that Mr. Barness and Mr. Spiro both are identified, and were identified, prior to the Early Scheduling Conference, as the "attorney in charge" for this case.  The Court's file also will reflect that Mr. Barness is listed at the top of the list of Plaintiff's counsel on both the caption of Plaintiff's Complaint and the caption of the Joint Early Scheduling Conference Report which was filed by the parties on July 3, 2006.

12.   In conclusion (and as further discussed in the Declaration of Mr. Barness being filed herewith) the absence of lead trial counsel at the Early Scheduling Conference was a product of (1) my having been deprived of my cell phone  because of the new local rule prohibiting the presence of cell phones with camera capability; and (2) Mr. Barness having been provided inaccurate information about the cancellation of the Court's calendar.  Both of us intended to be present for the Early Scheduling Conference.  It certainly was not the firm's intention, or my intention, to

//
//
//

DECLARATION OF J. MARK MOORE REGARDING JULY 17, 2006 EARLY SCHEDULING CONFERENCE

1  disregard the Court's Standing Order, and the undersigned apologizes that no lead trial

2  counsel did appear.

3

4       I declare under penalty of perjury under the laws of the United States of

5  America that the foregoing is true and correct and that this Declaration was executed

6  on July 24, 2006 at Los Angeles, California.

7

8                                    J. Mark Moore

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF J. MARK MOORE REGARDING JULY 17, 2006 EARLY SCHEDULING
CONFERENCE

**PROOF OF SERVICE**
**Stearn v. Experian Information Solutions, Inc.**
**USDC Case No. CV06-2249PA(SHx)**
**Western Division**

I am over the age of eighteen years and not a party to the within action.  My business address is 11377 W. Olympic Blvd,, Fifth Floor, Los Angeles, CA 90064-1683.  I am employed at that address at the firm of Spiro Moss Barness Harrison & Barge LLP.  On the date set forth below I served the document(s) described as **DECLARATON OF J. MARK MOORE REGARDING JULY 17, 2006 EARLY SCHEDULING CONFERENCE** on all the interested parties in this action, by placing: [ ]  the original  [xx] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss Barness Harrison & Barge LLP:

Suzanne Cate Jones, Esq.
Lisa McCurdy, Esq.
Jones Day
555 South Flower Street, Fiftieth Floor
Los Angeles, California  90071
Telephone (213) 243-2580
Facsimile (213) 243-2539

[ ]　　**BY MAIL:** I am readily familiar with this firms's practice of collection and processing correspondence for mailing with the United States Postal Service.  On the date set forth below, at the firm of Spiro Moss Barness Harrison & Barge LLP at the above address, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices.  Under the above-mentioned practice of Spiro Moss Barness Harrison & Barge LLP, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

[ X ]　**BY METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY** On the date set forth below I deposited such envelope(s) in a box or other facility regularly maintained by the express service carrier, or delivered such envelope(s) to an authorized courier or driver authorized by the express service carrier to receive documents, with delivery fees paid or provided for.  The envelope was an envelope or package designated by the express service carrier.

[ ]　　**(BY PERSONAL SERVICE)**: I personally served said document(s) on the date set forth below, by leaving them, inside the envelope(s) clearly labeled to identify the attorney(s) being served, at the offices of the attorney(s) listed above, at the address(es) listed above, with a receptionist or other person having charge of the office(s), between the hours of 9:00 a.m. and 5:00 p.m.

[ ]　　**BY FACSIMILE** On the date set forth below, I transmitted the above document(s) from facsimile machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008.  The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties.  The Facsimile Machine I used complied with California Rule of Court 2003(3).  The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[ X ]　**(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Los Angeles County, California, on July 24, 2006.

Gail Sutter

1  Daniel I. Barness SBN 104203
   Ira Spiro SBN 67641
2  J. Mark Moore SBN 180473
   SPIRO MOSS BARNESS HARRISON & BARGE LLP
3  11377 W. Olympic Blvd., Fifth Floor
   Los Angeles, CA 90064
4  Telephone: (310) 235-2468
   Facsimile (310) 235-2456
5
   Attorneys for LAURENCE STEARN individually and
6  on behalf of all others similarly situated

7

8                  UNITED  STATES DISTRICT COURT

9                 CENTRAL  DISTRICT OF CALIFORNIA

10

11
   LAURENCE STEARN, individually    )  **CASE NO.** CV06-2249 PA (SHx)
12 and on behalf of all others similarly )
   situated,                         )  **DECLARATION OF IRA SPIRO,**
13                                    )  **ATTORNEY  FOR PLAINTIFF,**
                 Plaintiffs           )  **RE  SCHEDULING**
14                                    )  **CONFERENCE**
                                      )
15               V.                   )
                                      )  Date:  July 17, 2006
16                                    )  Time: 10:30 a.m.
   EXPERIAN INFORMATION              )  Ctrm: 15
17 SOLUTIONS, INC., and DOES 1-10,   )
   inclusive,                        )
18                                    )
19               Defendants.          )
                                      )
20 ─────────────────────────────────

21

22

23

24

25

26

27

28

                                    1
                  PLAINTIFF'S NOTICE OF INTERESTED PARTIES

1.      I write to offer my apologies for the fact that lead trial counsel for plaintiffs, myself included, did not appear at the Scheduling Conference in this case on July 17, 2006. I and the other attorneys in my firm working on the case, Mr. Barness (my co-lead trial counsel), and Mr. Moore, felt we should formally write the Court and defense counsel to offer our apologies, rather than let the matter go unspoken until further proceedings in the case. We are not submitting our declarations for any purpose on the merits of the case, but only to apologize and explain the circumstances why only Mr. Moore appeared for plaintiffs at the Scheduling Conference.

2.      I am an attorney at law admitted to practice before all courts of the state of California and before this Court. I was admitted to the State Bar of California in January, 1976. I am a partner in the law firm of Spiro Moss Barness Harrison & Barge LLP. I am one of the attorneys of record for Laurence Stearn, plaintiff herein. The facts stated herein are known to me personally to be true, and if called upon to testify as to the truth of such facts, I could and would so testify.

3.      I am co-lead trial counsel in this case with Daniel I. Barness, another partner in my law firm. We have equally leading roles for plaintiffs. He and I and Mark Moore, another attorney in our firm working on the case, had planned for Mr. Barness and Mr. Moore to attend the July 17, 2006 Scheduling Conference. I would have attended too, but that day I had to travel to Texas to take a very important deposition in another class action. Mr. Barness' declaration submitted herewith explains his attempts to attend the Scheduling Conference. I interpreted the Court's rule to be that a lead trial counsel must attend, not both lead trial counsel if there are two. If I was mistaken in that, again I apologize.

4.      I have been handling cases as attorney of record in the United States District Court for the Central District of California since approximately 1983. I have been counsel for plaintiffs in at least 40 class actions, I believe a good deal

1  more.  Currently I am lead or co-lead counsel in five class actions in five different

2  United States District Courts.  (Some are combined Rule 23 class actions and Fair

3  Labor Standards Act representative/collective actions.  One recently became a

4  Fair Labor Standards Act action only by virtue of a decision of the Court.)

5       5.     I wish to state to the Court that I take extremely seriously my

6  professional obligations to the courts, clients, the public and the bar.  (In view of

7  California Rule of Professional Conduct 5-200 and a provision of the State Bar

8  Act, Cal. Busn. and Prof. Code § 6068(d), it may be that duties to the courts and

9  the public at times are primary.)  During the course of my 30 year career I have

10  devoted hundreds and hundreds of hours of volunteer work statewide on issues of

11  ethics in the legal system.  This work has been for the State Bar of California, the

12  California Judicial Council/Administrative Office of the Courts, and the Los

13  Angeles County Bar Association.  Some of this work has been by appointment of

14  the Board of Governors of the State Bar of California.  Details of the work are set

15  out in the footnote below.[1]  I have not engaged in this work to promote any

16

17       1.  a.    By appointment of the Board of Governors of the State Bar of

18  California I served a term as a member of the State Bar's Standing Committee on
    Professional Responsibility and Conduct ("COPRAC"), ending in the fall of 2001.

19  That committee writes the formal ethics opinions issued by the State Bar of

20  California.  I was the chair of COPRAC's subcommittee on alternative dispute
    resolution.

21       b.    I am one of eleven co-authors of recently promulgated California

22  Rules of Court setting forth ethics rules for mediators, Cal. Rules of Court, Rules

23  1620 *et seq.*  Four of the other authors are sitting or retired judges of the Los
    Angeles Superior Court.

24       c.    For approximately 10 years I have been a member of the Los Angeles

25  County Bar Association's Professional Responsibility and Ethics Committee.  That

26  committee writes the formal ethics opinions issued by the Los Angeles County Bar
    Association.  The committee had a subcommittee on professionalism in litigation.

27  I was a member of that subcommittee.

28       d.    By appointment of the Board of Governors of the State Bar of
    California, I served as the immediate past chair of the California State Bar's

profit-making areas of my practice.  The work has been in the fields of legal
ethics and mediation.  I do not represent lawyers or mediators in legal ethics or
malpractice matters.  I have never served as an expert witness in any legal ethics
or malpractice matter.  I am not a mediator and have no plans to become one.  (I
have acted as mediator once in my life.  It was a dispute between two plaintiff
firms concerning division of attorneys' fees in a class action.  I was asked to
mediate it by the firms and their attorneys because we knew each other and had
previously worked together.)

I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and was executed at Los Angeles,
California on July 24, 2006.


Ira Spiro
of Spiro Moss Barness Harrison & Barge LLP
Attorneys for plaintiff LAURENCE STEARN

Standing Committee Alternate Dispute Resolution.  I served as a member of that
committee for five years, by appointment of the Board of Governors.

**PROOF OF SERVICE**
**Stearn v. Experian Information Solutions, Inc.**
**USDC Case No. CV06-2249PA(SHx)**
**Western Division**

I am over the age of eighteen years and not a party to the within action.  My business address is 11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064-1683.  I am employed at that address at the firm of Spiro Moss Barness Harrison & Barge LLP.  On the date set forth below I served the document(s) described as **DECLARATON OF IRA SPIRO, ATTORNEY FOR PLAINTIFF, RE SCHEDULING CONFERENCE** on all the interested parties in this action, by placing: [ ]  the original  [xx] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss Barness Harrison & Barge LLP:

Suzanne Cate Jones, Esq.
Lisa McCurdy, Esq.
Jones Day
555 South Flower Street, Fiftieth Floor
Los Angeles, California  90071
Telephone (213) 243-2580
Facsimile (213) 243-2539

[ ]    **BY MAIL:** I am readily familiar with this firms's practice of collection and processing correspondence for mailing with the United States Postal Service.  On the date set forth below, at the firm of Spiro Moss Barness Harrison & Barge LLP at the above address, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices.  Under the above-mentioned practice of Spiro Moss Barness Harrison & Barge LLP, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

[ X ]    **BY METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY** On the date set forth below I deposited such envelope(s) in a box or other facility regularly maintained by the express service carrier, or delivered such envelope(s) to an authorized courier or driver authorized by the express service carrier to receive documents, with delivery fees paid or provided for.  The envelope was an envelope or package designated by the express service carrier.

[ ]    **(BY PERSONAL SERVICE):** I personally served said document(s) on the date set forth below, by leaving them, inside the envelope(s) clearly labeled to identify the attorney(s) being served, at the offices of the attorney(s) listed above, at the address(es) listed above, with a receptionist or other person having charge of the office(s), between the hours of 9:00 a.m. and 5:00 p.m.

[ ]    **BY FACSIMILE** On the date set forth below, I transmitted the above document(s) from facsimile machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008.  The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties.  The Facsimile Machine I used complied with California Rule of Court 2003(3).  The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[ X ]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Los Angeles County, California, on July 24, 2006.

Gail Sutter

"EXHIBIT 4"

FILED COPY

1  Daniel J. McLoon (State Bar No. 109598)
   djmcloon@jonesday.com
2  Suzanne Cate Jones (State Bar No. 157496)     2006 SEP -1  PM 4:21
   scjones@jonesday.com
3  Lisa C. McCurdy (State Bar No. 228755)         CLERK U.S. DISTRICT COURT
   lcmccurdy@jonesday.com                          CENTRAL DIST. OF CALIF.
4  JONES DAY                                          LOS ANGELES
   555 South Flower Street
5  Fiftieth Floor                                 BY _____
   Los Angeles, CA  90071-2300
6  Telephone:  (213) 489-3939
   Facsimile:  (213) 243-2539
7
                                                  **SCJ Working Copy**
8  Attorneys for Defendant
   EXPERIAN INFORMATION
9  SOLUTIONS, INC.

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  LAURENCE STEARN, individually         Case No. CV06-2249 PA (SHx)
    and on behalf of all others similarly
14  situated,                             **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES IN SUPPORT OF**
15             Plaintiffs,                **DEFENDANT EXPERIAN**
                                          **INFORMATION SOLUTIONS,**
16         v.                             **INC.'S OPPOSITION TO**
                                          **PLAINTIFF'S MOTION FOR**
17  EXPERIAN INFORMATION                  **RELIEF FROM COURT'S ORDER**
    SOLUTIONS, INC. and DOES 1-10,        **STRIKING PLAINTIFF'S CLASS**
18                                        **ACTION ALLEGATIONS**
19             Defendants.
                                          Hearing:
20                                        Date:  September 18, 2006
                                          Time:  1:30 p.m.
21                                        Judge: Honorable Percy Anderson

22         Defendant Experian Information Solutions, Inc. ("Experian") respectfully

23  submits this brief in opposition to Plaintiff's Motion For Relief From Court's Order

24  Striking Plaintiff's Class Actions Allegations ("Motion For Relief").

25

26

27

28

LAI-2257416v5

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1
2

# TABLE OF CONTENTS

**Page**

3  INTRODUCTION..................................................................................................2

4  ARGUMENT .......................................................................................................4

5  I.  Plaintiff's Thinly Disguised Motion For Reconsideration Must Be Denied Because Plaintiff Cannot Satisfy The Requirements Imposed By Local Rule 7-18..................................................................4

6
7  A.  Plaintiff's Motion Should Have Been Brought As A Motion For Reconsideration Pursuant to Local Rule 7-18........4

8  B.  None of the Grounds For Reconsideration Are Applicable Here ......................................................................................7

9  II.  The Court Acted Within its Sound Discretion in Striking the Class Allegations Based on Plaintiff's Failure to Comply with Local Rule 23-3 ...........................................................................9

10
11  A.  Contrary To Plaintiff's Arguments, Courts Often Strictly Enforce Local Rules Similar to Local Rule 23-3, Even When No Prejudice Has Been Shown. ...............................9

12
13  B.  The Court Acted Squarely Within Its Sound Authority By Striking Class Allegations Based on Plaintiff's Failure to Comply with Local Rule 23-3 As Indicia of Inadequate Class Representation ................................................. 12

14
15  C.  Plaintiff's Additional Arguments — Based Upon Alleged Impossibility to Comply With Local Rule 23-3 — Are Unavailing ................................................................. 13

16
17  D.  Plaintiff's Arguments Based on Rule 60(b) Standards Are Irrelevant Because Even Plaintiff Admits He Cannot Challenge the Court's Order Under Rule 60(b)...................... 14

18  E.  There is No Inconsistency Between Local Rule 23-3 and Federal Rules of Civil Procedure 23(c)(1)(A) ......................... 15

19  CONCLUSION ................................................................................. 17

20
21
22
23
24
25
26
27
28

LAI-2257416v5

i

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

# TABLE OF AUTHORITIES

## <u>CASES</u>

Page

*American Academy of Pain Management v. Joseph,*
1998 U.S. Dist. LEXIS 22859 *4 (E. D. Cal. 1998) ................................................7

*Batson v. Powell,*
912 F. Supp. 565 (D. D.C. 1996).................................................................. 11, 14

*Behrens v. Gossett,*
1997 U.S. Dist. LEXIS 11107 *14 (C.D. Cal. 1997) .......................................8

*Buttino v. Federal Bureau of Investigations,*
1992 WL 12013803 (N.D. Cal. 1992) ......................................................... 11

*Costello v. U.S.,*
765 F. Supp. 1003 (C.D. Cal. 1991) ..............................................................8

*Daly v. Harris,*
209 F.R.D. 180 (D. Haw. 2002) ................................................................... 10

*Deary v. Guardian Loan Co., Inc.,*
534 F. Supp. 1178 (S.D.N.Y. 1982) ............................................................ 11

*East Texas Motor Freight System, Inc. v. Rodriguez,*
431 U.S. 395 (1977)............................................................................... 10, 12

*Eisen v. Carlyle & Jacquelyn,*
391 F.2d 555 (2d Cir. 1968) ...........................................................................3

*Gilinsky v. Columbia University,*
62 F.R.D. 178 (S.D.N.Y. 1974)................................................................... 11

*In re Folding Carton Antitrust Litigation,*
88 F.R.D. 211 (N.D. Ill. 1980) .................................................................... 13

*Johnson v. Shreveport Garment Co.,*
422 F.Supp. 526 (W.D.La.1976).....................................................................3

*Jones v. Hartford Ins. Co.,*
2006 U.S. Dist. LEXIS 19630 (N.D. Fla. 2006) ............................ 9, 12, 16, 17

*Joshlin v. Gannett River States Publishing Corp.,*
152 F.R.D. 577 (E.D. Ark. 1993) ............................................................. 9, 10

*Kingsepp v. Wesleyan Univ.,*
142 F.R.D. 597 (S.D.N.Y. 1992) ................................................................ 13

*Kramer v. New Orleans Saints,*
2002 U.S. Dist. LEXIS 10389 (E.D. La. 2002)............................................ 13

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Livesay v. Punta Gorda Isles, Inc.,*
550 F.2d 1106 (8th Cir. 1977)..................................................... 10

*Main v. Electronic Data Systems Corp.,*
168 F.R.D. 573 (N.D. Tex. 1996).......................................... 14, 17

*Mayo v. Dean Witter Reynolds, Inc.,*
258 F. Supp 2d 1097 (N.D. Cal. 2003)........................................ 5

*McCarthy v. Kleindienst,*
741 F.2d 1406 (D.C. Cir. 1984)............................................... 17

*McLean v. Merrifield,*
2002 U.S. Dist. LEXIS 12753 (W.D. N.Y. 2002)..................... 12

*Miller v. Transamerican Press, Inc.,*
709 F.2d 524 (9th Cir. 1983)..................................................... 5

*Probe v. State Teachers' Retirement System*
780 F.2d 776 (9th Cir. 1986).................................................. 10

*Rones v. NAACP,*
170 F.R.D. 80 (D. D.C. 1997)............................... 9, 10, 11, 14

*Smith v. Josten's American Yearbook Co.,*
78 F.R.D. 154 (D.Kan.1978)..................................................... 3

*Sweet v. Pfizer,*
232 F.R.D. 360 (C.D. Cal. 2005)............................................. 12

*Walker v. Columbia University,*
62 F.R.D. 63 (S.D.N.Y. 1973)............................... 9, 10, 12

*Weiss v. International Brotherood of Electrical Workers,*
729 F. Supp. 144 (D.D.C. 1990)............................... 11, 14

## RULES

Central District Local Rule 1-13(b) ....................................... 17

Central District Local Rule 23 ......................................... 2, 16

Central District Local Rule 23(c)(1) ....................................... 16

Central District Local Rule 23-3 ................................... passim

Central District Local Rule 7 ................................................. 8

Central District Local Rule 7-18 ................................ 2, 4, 6, 8

Fed. R. Civ. P. 23(a)(4) ................................................ 12, 13

iii

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1

### TABLE OF AUTHORITIES
#### (continued)

2

Page

3   Fed. R. Civ. P. 23(c)(1) ........................................................................ 17

4   Fed. R. Civ. P. 23(c)(1)(A) ........................................................ 15, 16, 17

5   Fed. R. Civ. P. 23(g)(1)(B) ................................................................... 12

6   Fed. R. Civ. P. 59 .................................................................................. 5

7   Fed. R. Civ. P. 59(a) .............................................................................. 6

8   Fed. R. Civ. P. 60 .................................................................................. 5

9   Fed. R. Civ. P. 60(b) ...................................................................... 14, 15

10  Federal Rule 23 .................................................................................... 16

11

### **TREATISES**

12  Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial
         ¶ 12:157
13       (The Rutter Group 2002) .................................................................. 5

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1

## INTRODUCTION

2       On July 17, 2006, after considering the evidence and argument of counsel,

3   the Court exercised its sound discretion and ordered plaintiff's class action

4   allegations stricken from the complaint

5               "because of the failure to comply with [Local Rule 23-3],

6               which [the Court assumes] any competent counsel that is

7               familiar with class actions would have been aware, well

8               aware."

9

10  (Reporter's Transcript of Proceedings from July 17, 2006 Scheduling Conference at

11  9:22-25 (copy of which is attached as Exhibit 1 to Declaration of J. Mark Moore).)

12      Plaintiff's counsel now files a motion styled "Motion For Relief From

13  Court's Order Striking Plaintiff's Class Actions Allegations" ("Motion For

14  Relief").  In doing so, plaintiff's counsel violates and fails to even discuss yet

15  another Central District local rule, Local Rule 7-18 (Motion for Reconsideration),

16  the local rule that is most clearly applicable to plaintiff's Motion.  As discussed

17  further below, plaintiff cannot meet the standards under Local Rule 7-18 and does

18  not argue that he can.

19      Indeed, instead of complying with — or even addressing — Local Rule 7-18,

20  plaintiff's counsel has chosen to fashion a motion of his own design and creation,

21  not brought pursuant to any particular rule or applicable statute.  Explicit in the

22  Court's ruling striking the class allegations is the Court's assessment that Plaintiff's

23  counsel's failure to comply with Local Rule 23 (the *single* local rule in the Central

24  District governing class actions) is evidence that plaintiff's counsel is not adequate

25  to represent the absent class.  Plaintiff's Motion For Relief now provides the Court

26  with further evidence of inadequacy of class counsel, by virtue of this second

27  violation of Central District Local Rules.  Adequacy of class counsel was a concern

28

LAI-2257416v5

2

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1   of the Court at the scheduling conference, and plaintiff's self-styled motion makes

2   it no less of a concern now.[1]

3        Plaintiff has not cited a single appropriate source of procedural authority for

4   filing his Motion For Relief.  Indeed, no matter how the motion is styled and

5   despite his refusal to acknowledge it, substantively and procedurally it can only be

6   construed as a motion for reconsideration.  Yet plaintiff fails to offer any material

7   difference in facts, law or circumstances, or a manifest showing of the Court's

8   failure to consider material facts presented to the Court before its decision.  Plaintiff

9   must offer at least one of these three grounds to support a motion for

10  reconsideration.  Instead of discussing or trying to meet this standard, plaintiff

11  ignores the applicable procedural rule and argues a myriad of other standards and

12  rules, none of which are applicable here.

13       Plaintiff's primary argument in support of reversal of the Court's Order is

14  that the Court simply failed to appreciate that he actually complied with Local Rule

15  23-3 by virtue of the parties' Joint Rule 26(f) Scheduling Conference Report ("Joint

16  Report").  This argument is disingenuous.  The Joint Report makes no mention of

17  Rule 23-3, and there is no request in the Joint Report for the Court to "order

18  otherwise" than what is required by Local Rule 23-3.  Moreover, plaintiff never

19  raised this argument at the scheduling conference and indeed the parties themselves

20  *never discussed* Rule 23-3 in preparing the Joint Report.[2]

21

22

23  [1]  The adequate representation requirement 'lies at the heart' of the rationale
    supporting class actions.  *Johnson v. Shreveport Garment Co.*, 422 F.Supp. 526,
24  531 (W.D.La.1976).  Because class counsel seeks to determine the rights of absent
    putative class members, "a court must now carefully scrutinize the adequacy of
25  representation" when considering whether to certify a class.  *Eisen v. Carlisle &*
    *Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), vacated on other grounds, 417 U.S.
26  156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Smith v. Josten's Am. Yearbook Co.*, 78
    F.R.D. 154, 163 (D.Kan.1978) ( "In passing upon the adequacy of counsel, courts
27  hold attorneys to a 'heightened standard' in light of their great responsibility to the
    absent class."), aff'd, 624 F.2d 125 (10th Cir.1980).

28  [2]  See Declaration of Suzanne Cate Jones, filed concurrently, at ¶ 2.

1    In addition, Plaintiff fails to cite any authority for the novel idea that a mere

2  proposal for a class certification hearing date contained within a Rule 26 Joint

3  Report satisfies the mandatory language of Local Rule 23-3.  The local rule

4  certainly does not provide for this and Experian has been unable to find such

5  authority.

6    What is apparent from reading Plaintiff's Motion For Relief is that either

7  plaintiff's counsel was completely unaware of Local Rule 23-3 until the Court

8  alerted plaintiff's counsel to the fact it had been violated, or knew about the local

9  rule all along (as now argued in plaintiff's papers), but chose not to comply —

10  much as Plaintiff's counsel has done here with respect to the Central District's rule

11  governing reconsideration of court orders.  Plaintiff's motion for reconsideration,

12  inappropriately and vaguely styled as a "Motion For Relief," further validates the

13  concerns previously articulated by the Court about the adequacy of plaintiff's

14  counsel to represent a purported class.  Because the Court acted squarely within its

15  sound authority in issuing its order striking the class allegations, and plaintiff has

16  cited no authority to the contrary, plaintiff's Motion For Relief must be denied and

17  the Court's July 17, 2006 order upheld.

18  ## ARGUMENT

19  I.  **Plaintiff's Thinly Disguised Motion For Reconsideration Must Be Denied
20    Because Plaintiff Cannot Satisfy The Requirements Imposed By Local
     Rule 7-18.**

21    A.  **Plaintiff's Motion Should Have Been Brought As A Motion For
22      Reconsideration Pursuant to Local Rule 7-18.**

23    Plaintiff moves vaguely "for relief" from the Court's Order striking the class

24  allegations, although it is unclear under what procedure such relief is sought.  Such

25  an approach is not appropriate here, where there is a correct procedure identified

26  under federal law and the local rules.  "Once an order is entered, a court may set

27  aside or change the order pursuant to a motion under Rule 59 or Rule 60 of the

28

LAI-2257416v5

4

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1    Federal Rules of Civil Procedure or pursuant to a motion for reconsideration."

2    *Mayo v. Dean Witter Reynolds, Inc.*, 258 F. Supp 2d 1097, 1103 (N.D. Cal. 2003),

3    citing Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before

4    Trial ¶ 12:157 (The Rutter Group 2002).  "Rule 59 and Rule 60 do not apply unless

5    a final judgment has been entered."  *Id.*, citing Fed. R. Civ. P. 59, 60.  As plaintiff

6    himself readily admits, because the Court's Order striking the class action

7    allegations is not a final judgment or order, the instant motion cannot properly be

8    brought under Rule 59 or Rule 60.  [Motion For Relief at 12: 1-2].

9            This leaves plaintiff only the avenue of a motion for reconsideration.  No

10   matter how it is styled, Plaintiff's Motion For Relief correctly is construed

11   consistent with the relief requested — as a motion for reconsideration.  *Mayo*, 258

12   F. Supp 2d at 1103 (construing vaguely styled motion to vacate arbitration as

13   motion for reconsideration); *see also Miller v. Transamerican Press, Inc.*, 709 F.2d

14   524, 527 (9th Cir. 1983) (nomenclature is not controlling, rather, courts will

15   construe a motion, however styled, to be the type proper for the relief requested).

16   The local rules of this District permit a party to move for reconsideration of a

17   court's decision only on the grounds of:

18       (a)     a material difference in fact or law from that presented to the Court

19               before such decision that in the exercise of reasonable diligence could

20               not have been known to the party moving for reconsideration at the

21               time of such decision, or

22       (b)     the emergence of new material facts or a change of law occurring after

23               the time of such decision, or

24       (c)     a manifest showing of a failure to consider material facts presented to

25               the Court before such decision.

26

27

28

1  C.D. Local Rule 7-18.  Plaintiff provides no evidence, and in fact fails to even

2  argue, that any of the three aforementioned grounds exist or support reconsideration

3  of the Court's July 17, 2006 Order.

4       There are important policy reasons for the stringent standards governing

5  motions for reconsideration, as explained by one Ninth Circuit district court:

> Under the "law of the case" doctrine a court is generally
>
> precluded from reconsidering an issue that has already
>
> been decided by the same court, or a higher court in the
>
> identical case.  (Citations omitted).  Although motions to
>
> reconsider are directed to the sound discretion of the court
>
> (citations omitted), considerations of judicial economy
>
> weigh heavily in the process. . .
>
> As with motions to alter or amend a judgment made
>
> pursuant to Fed. R. Civ. P. 59(a), motions to reconsider
>
> are not vehicles permitting the unsuccessful party to
>
> "rehash" arguments previously presented (citations
>
> omitted).  Nor is a motion to reconsider justified on the
>
> basis of new evidence which could have been discovered
>
> prior to the court's ruling (citations omitted).  ***Finally,***
>
> ***"after thoughts" or "shifting of ground" do not***
>
> ***constitute an appropriate basis for reconsideration.***

LAI-2257416v5

(Citations omitted.)  These relatively restrictive standards

"reflect[] district courts' concern for  preserving

dwindling resources and promoting judicial efficiency.

*Am. Acad. of Pain Mgmt. v. Joseph*, 1998 U.S. Dist. LEXIS 22859 *4 (E.D. Cal. 1998) (emphasis added).

**B.**     **None of the Grounds For Reconsideration Are Applicable Here.**

Here, plaintiff has neither presented evidence of a material difference in fact or law, nor a manifest showing of the Court's failure to consider material facts that were presented to the Court.  At most, plaintiff's after-the-fact argument that the Court simply "failed to appreciate" plaintiff already had requested relief from Local Rule 23-3 in the parties' Rule 26 Joint Report (an argument never presented to the Court at the status conference) is the type of "afterthought" or "shifting of ground" that does not constitute an appropriate basis for reconsideration.  *Assuming arguendo* plaintiff's new spin on the Joint Report is true, and plaintiff intentionally chose to acknowledge the Local Rule solely by including a proposal for a different class certification motion filing date in the Joint Report, the time for plaintiff to raise this argument has passed.  These are facts plaintiff's counsel would have known at the time of the Court's decision and should have raised then.  They are not a proper basis for relief now.

Similarly, plaintiff's newly-hatched argument that he intended the Joint Report to comply with Local Rule 23-3 does not constitute "a manifest showing of a failure to consider material facts presented to the Court before such decision." Plaintiff's description of the alleged circumstances related to the preparation of the Joint Report was not presented to the Court before it entered its Order.  This fact in and of itself disposes of the third possible ground supporting a motion for reconsideration.

LAI-2257416v5

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1    Furthermore, plaintiff's current spin on the preparation of the Joint Report is
2    not accurate.  Never once during the meetings between counsel and the drafting of
3    the Joint Report did either party mention Local Rule 23-3.  Experian did not
4    concern itself with Local Rule 23-3 because the rule does not impose obligations on
5    Experian.  Plaintiff never asked Experian to stipulate or agree to a request for relief
6    from the local rule.  In any event, the proposed date in the Joint Report (which was
7    chosen by plaintiff, not Experian) was simply a *proposal*, as the plain language of
8    the Joint Report confirms.  Jones Decl. at ¶ __.

9    As the Court was well aware at the time of the Scheduling Conference,
10   Plaintiff's failure to comply with Local Rule 23-3 violated not only Central District
11   Local Rules but also the Court's own June 6, 2006 order setting the scheduling
12   conference.  The Court's June 6 order requires counsel to familiarize themselves
13   and comply with the local rules of the Central District.  Counsel has now violated
14   the Court's June 6 order again by choosing to bring this Motion For Relief without
15   complying with Rule 7-18.  The Court's June 6 order specifically instructs "*all*
16   *motions must be filed in accordance with Local Rule 7.*"

17   Ultimately, even if plaintiff intended for the parties' proposal in the Joint
18   Report to satisfy the requirements of Rule 23-3, he has not cited a single authority
19   supporting such an interpretation of the rule.  Plaintiff's Joint Report argument does
20   not provide a basis for granting plaintiff's motion.

21   Where, as here, the appropriate showing has not been made, Courts in the
22   Central District of California have not hesitated to deny motions for
23   reconsideration.  *See, e.g., Behrens v. Gossett*, 1997 U.S. Dist. LEXIS 11007 *14-
24   15 (C.D. Cal. 1997); *Costello v. U.S.*, 765 F. Supp. 1003, 1009-11 (C.D. Cal. 1991).

25
26
27
28

LAI-2257416v5

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1   **II.    The Court Acted Within its Sound Discretion in Striking the Class**
2   **Allegations Based on Plaintiff's Failure to Comply with Local Rule 23-3.**

3       **A.      Contrary To Plaintiff's Arguments, Courts Often Strictly Enforce
            Local Rules Similar to Local Rule 23-3, Even When No Prejudice
4           Has Been Shown.**

5           Plaintiff has not cited, and Experian has been unable to locate, a single case

6   indicating that it was improper for the Court to strike plaintiff's class action

7   allegations based on plaintiff's failure to comply with Local Rule 23-3.  Instead,

8   plaintiff has collected cases from outside the Central District (most of which do not

9   involve local rules, and none of which involve either Rule 23-3, or a local rule from

10  another district with the same language) wherein a court has decided not to deny

11  certification of a class solely because the plaintiff's motion was untimely.  Plaintiff

12  also ignores entire bodies of case law reaching conclusions opposite to that which

13  he asserts.

14          There are a host of problems with plaintiff's cited authorities.  First, plaintiff

15  ignores a large body of contrary law illustrating that courts *often* strictly enforce

16  local rules that require a motion for class certification to be filed within a particular

17  time period.  *See Jones v. Hartford Ins. Co.*, 2006 U.S. Dist. LEXIS 19630 *4, 9-10

18  (N.D. Fla. 2006) (striking class allegations after refusing to allow plaintiffs to

19  circumvent plain language of the local rule); *Rones v. NAACP*, 170 F.R.D. 80, 81-

20  82 (D.D.C. 1997) (denying motion for certification and noting local rule requiring

21  timely filing for motion is "strictly enforced"); *Joshlin v. Gannett River States

22  Pub'g Corp.*, 152 F.R.D. 577, 578-79 (E.D. Ark. 1993) (denying motion for class

23  certification on basis that motion was untimely under local rule, for which the court

24  "strictly" construes the 90-day time limit); *Walker v. Columbia Univ.*, 62 F.R.D. 63,

25  64-65 (S.D.N.Y. 1974) (denying class certification due to failure to file within time

26  prescribed by local rule).  This is particularly the case when, as here, the Court

27  concludes that the failure to follow local rules or the failure to file a timely motion

28  for class certification bears upon whether class counsel can fairly and adequately

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1   protect the interests of the class. *See, e.g, East Tex. Motor Freight Sys., Inc. v.*

2   *Rodriguez*, 431 U.S. 395, 405 (1977), and cases discussed in section II. B., below.

3        Second, plaintiff ignores a line of cases holding that it is *not* necessary for a

4   party opposing an untimely motion for certification to show prejudice. *See Rones*,

5   170 F.R.D. at 82 (stating that the local rule does not require defendants to

6   demonstrate prejudice); *Batson v. Powell*, 912 F. Supp. 565, 570-71 (D.D.C. 1996),

7   (denying motion for certification even after court discredits defendant's argument

8   that it will be prejudiced by an untimely filing); *Joshlin*, 152 F.R.D. at 578-79

9   (denying motion for class certification on basis that motion was untimely under

10  local rule, without consideration of whether untimely motion would prejudice

11  defendant).  One court even made clear that the concern is not about prejudice to

12  the defendant, but rather that the ***"public business of the court . . . has been***

13  ***hampered and delayed" by plaintiffs failure to file a timely motion for class***

14  ***certification.***  *Walker*, 62 F.R.D. at 64 (emphasis added).

15       Third, plaintiff relies on cases that do not involve local rules at all.  In fact,

16  the primary case relied on by plaintiff, *Probe v. State Teachers' Retirement Sys.*,

17  provides no discussion of any local rules. 780 F.2d 776 (9th Cir. 1986).  As such, it

18  is not proper authority on the matter.  Similarly, plaintiff improperly relies on *Daly*

19  *v. Harris*, 209 F.R.D. 180 (D. Haw. 2002) and *Livesay v. Punta Gorda Isles, Inc.*,

20  550 F.2d 1106, 1111 (8th Cir. 1977), which also do not involve local rules.

21       Fourth, plaintiff relies on cases that never reached the issue presented here.

22  For example, plaintiff relies on a 30 year-old D.C. Circuit case, *Gray v. Greyhound*

23  *Lines*, in alleged support for his argument that local rules are not strictly enforced.

24  However, the court in *Gray* did not rule on the issue of dismissing class allegations

25  based on untimeliness.  Moreover, at least three recent D.C. Circuit decisions have

26  reached the ***opposite*** conclusion to that asserted by plaintiff.  These courts held that

27  the local rule governing the time period within which a motion for class

28

1   certification must be filed *is* "strictly enforced." *Rones*, 170 F.R.D. at 81-82

2   ("Local Rule 203(b) requires that a plaintiff file it's motion for class certification

3   within 90 days, a filing deadline which has been 'strictly enforced in this Circuit'"

4   (citations omitted)); *Batson*, 912 F. Supp. at 570 ("[T]he 90-day limit of Local Rule

5   203(b) has been 'strictly enforced in this Circuit.'"(quoting *Weiss v. Int'l Bhd. of*

6   *Elec. Workers*, 729 F. Supp. 144, 148 (D.D.C. 1990)).

7       Finally, plaintiff refers to cases that have no bearing in how Local Rule 23-3

8   should be interpreted or applied.  Plaintiff refers to *Deary v. Guardian Loan Co.,*

9   *Inc.*, 534 F. Supp. 1178 (S.D.N.Y. 1982).  In *Deary*, the Southern District of New

10  York applied its local rule, Rule 11A. *Id.* at 1189.  The language of that rule is not

11  the same as the language in Local Rule 23-3.  The Southern District of New York

12  rule provides that, in deciding a motion to dismiss for untimeliness, "the court may

13  grant or deny it in the exercise of its informed discretion; may deny it, but award

14  costs, expenses and counsel fees against the party seeking the maintenance of the

15  claim as a class action or his counsel; or may grant such other relief as may be

16  appropriate in all the circumstances." *See Gilinsky v. Columbia Univ.*, 62 F.R.D.

17  178, 179 (S.D.N.Y. 1974) (discussing local rule cited in *Deary*).  *Deary* is not

18  authority for how Local Rule 23-3 has been or should be enforced.

19       Similarly, *Buttino v. Fed. Bureau of Investigation*, 1992 WL 12013803 (N.D.

20  Cal. 1992), another case cited by plaintiff, again does not involve the same local

21  rule as the Central District.  Furthermore, the Court in *Buttino* specifically found

22  that the class counsel were "qualified, experienced, and generally capable of

23  conducting this class action litigation." *Id.* at *4.  In contrast, the Court here raised

24  concerns about the adequacy of plaintiff's counsel to act as class counsel, and

25  specifically articulated those concerns as a basis for its ruling.

26       Plaintiff has cited no authority to support his position that Local Rule 23-3

27  should not, or cannot, be strictly enforced here.  The cases plaintiff cites are largely

28

1   factually inapposite.  Moreover, for each case plaintiff cites, there is another case

2   reaching a contrary conclusion.  For these reasons, the Court's Order enforcing

3   Local Rule 23-3 should be upheld.

4   **B.    The Court Acted Squarely Within Its Sound Authority By Striking Class Allegations Based on Plaintiff's Failure to Comply with Local Rule 23-3 As Indicia of Inadequate Class Representation.**

5

6          It is well established that the failure to follow local rules or the failure to file

7   a timely motion for class certification bears strongly on whether class counsel can

8   fairly and adequately protect the interests of the class as required under Federal

9   Rule of Civil Procedure 23(a)(4), and (since 2003) under Federal Rule of Civil

10  Procedure 23(g)(1)(B).  *See East Tex. Motor Freight Sys., Inc.*, 431 U.S. at 405

11  (failure to file timely motion for class certification bears strongly on counsel's

12  ability to adequately represent class); *Jones*, 2006 U.S. Dist. LEXIS at *9-10

13  (plaintiffs cannot "adequately and fairly" represent class because they failed to

14  timely file a motion for class certification under local rule); *Sweet v. Pfizer*, 232

15  F.R.D. 360, 370-71 (C.D. Cal. 2005) (failure to comply with a local rule evidences

16  that counsel may not be able to adequately represent class); *McLean v. Merrifield*,

17  2002 U.S. Dist. LEXIS 12753 *29 (W.D.N.Y. 2002) (plaintiffs' counsel not

18  qualified to conduct class action litigation because of counsel's unfamiliarity with

19  local rules that culminated in waiver of class allegations); *Walker*, 62 F.R.D. at 64

20  ("failure of plaintiffs' attorneys to make a timely motion, despite the clear and

21  unambiguous language of the rule, leads us to the conclusion they will not 'fairly

22  and adequately protect the interests of the class.'").[3]

23         In fact, "several courts have denied class certification on the basis of delays

24  in seeking certification even if that is the sole indicia of inadequate representation."

25  ─────────────

26  [3]  As discussed further in Section II. B. below, plaintiff argues his "delay" in filing the class certification motion, or, alternatively in obtaining an order extending Local Rule 23-3's deadline was only four days.  [Motion at 14:19].  This is not correct.  It is impossible to know when, if ever, plaintiff would have complied with Local Rule 23-3.  Plaintiff's "delay" is ongoing — he has never filed a motion for class certification or sought appropriate relief from the strictures of Rule 23-3.

27

28

LAI-2257416v5

12

1    *Kramer v. New Orleans Saints*, 2002 U.S. Dist. LEXIS 10389 *3 (E.D. La. 2002)

2    (citing *In re Folding Carton Litig.*, 88 F.R.D. 211, 214 (N.D. Ill. 1980)). Federal

3    Rule 23(a)(4) requires that a class be adequately represented. *See Kingsepp v.*

4    *Wesleyan Univ.*, 142 F.R.D. 597, 598-599 (S.D.N.Y. 1992) (discussing adequacy of

5    representation requirement, and explaining reasons that plaintiff's attorney must be

6    qualified, experienced, and generally able to conduct the proposed litigation).

7        In summary, a sizeable body of law makes plain it was well within the

8    Court's discretion to order the class allegations stricken here based on violation of

9    the local rule and concerns regarding adequacy of class counsel.

10    **C.**    <u>**Plaintiff's Additional Arguments — Based Upon Alleged**</u>

11    <u>**Impossibility to Comply With Local Rule 23-3 — Are Unavailing**</u>.

12        No matter how it is styled, plaintiff's Motion For Relief fails. Plaintiff

13    argues in his motion that the requirements of Local Rule 23-3 are overly

14    burdensome, "def[y] logic and common sense, and create[] problems, rather than

15    solv[e] them." [Motion, at 25:7-8]. Plaintiff spends page after page arguing about

16    the necessity of, and yet inability to conduct, sufficient class discovery within 90

17    days, or even to bring a motion requesting relief from the local rule before the 90

18    days had passed. These arguments ignore the plain language of the local rule —

19    which specifically provides that the Court may order otherwise — and focuses only

20    on the 90 day deadline in the rule. As a result, plaintiff overlooks the most obvious

21    and simple solutions to the "impossible compliance" picture he seeks to paint.

22        If plaintiff was concerned about having sufficient time to conduct discovery

23    or to file a motion for relief from Local Rule 23-3, he could have requested for

24    Experian to enter into a stipulation and proposed order requesting relief from Local

25    Rule 23-3 in advance of the 90 days. He did not. Alternatively, plaintiff could

26    have filed an *ex parte* application requesting relief from the 90 day deadline,

27    explaining time was of the essence to confirm whether the Court would extend the

28

LAI-2257416v5

13

1   deadline for bringing the motion.  Yet another simple approach would have been to

2   file his motion for class certification before the 90 day deadline passed, with a

3   request to conduct discovery to support the motion.  *See Rones*, 170 F.R.D. at 81

4   (request for extensions made before local rule deadline); *Batson*, 912 F. Supp. at

5   571 (could have asked for an enlargement of time); *Main v. Elec. Data Sys. Corp.*,

6   168 F.R.D. 573, 577 (N.D. Tex. 1996) (counsel could have filed motion to extend

7   time for filing class certification motion or could have filed the motion and asked

8   court to delay ruling until more discovery was completed); *Weiss*, 729 F. Supp. at

9   (finding that if plaintiff needed to conduct further discovery, plaintiff could have

10  filed class certification motion and asked court to postpone its ruling).

11      Plaintiff's counsel either intentionally chose not to comply with Local Rule

12  23-3 in these obvious and simple ways, or truly is ignorant of these types of

13  options.  Either scenario provides further support for the Court's concern about

14  adequacy of class counsel.  Plaintiff argues Local Rule 23-3 was simply a trap for

15  unwary plaintiff counsel and thus should not be enforced.  However, as the Court

16  itself already has observed, this argument is unavailing because any competent

17  class action counsel would have been aware of the local rule governing class

18  actions in the Central District.  The Court's own order setting the scheduling

19  conference instructed counsel to be certain to familiarize themselves with all local

20  and federal rules.

21      **D.    Plaintiff's Arguments Based on Rule 60(b) Standards Are
        Irrelevant Because Even Plaintiff Admits He Cannot Challenge
22      the Court's Order Under Rule 60(b).**

23      Plaintiff admits that this Court's order striking the class action allegations is

24  not a final order or judgment under federal law. [Motion, at 12: 1-2].  Nonetheless,

25  without any authority, plaintiff argues that Rule 60(b), which applies to final orders

26  and judgments only, should be used as a "guide" for analyzing this case.  The

27  standards for a Rule 60(b) motion are inapplicable here and thus plaintiff's

28

LAI-2257416v5

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1    arguments applying these standards do not justify reversal of the Court's order.

2    Even if Rule 60(b) standards somehow were applicable, plaintiff has not made a

3    showing of "excusable neglect."

4         Plaintiff claims he is entitled to relief because his "delay" in filing the class

5    certification motion, or, alternatively in obtaining an order extending Local Rule

6    23-3's deadline, was "*de minimis*." [Motion at 14:19].  Yet plaintiff is talking about

7    events that have not occurred, although the deadline passed almost two months ago.

8    Moreover, the record from the scheduling conference suggests that plaintiff was not

9    even aware of his failure to comply with Local Rule 23-3 until the Court brought it

10   to his attention.  Thus it is impossible to know when, if ever, plaintiff would have

11   complied with Local Rule 23-3 absent the Court having raised it.  Plaintiff cannot

12   pretend that his failure to comply with Rule 23-3 was a mere four days and

13   therefore excusable, simply because that happens to be how promptly the Court

14   informed him of his violation.  Simply put, plaintiff offers no legitimate reason for

15   his failure to comply with Local Rule 23-3.

16        **E.    There is No Inconsistency Between Local Rule 23-3 and Federal**
              **Rules of Civil Procedure 23(c)(1)(A).**
17

18        Plaintiff inaccurately concludes that Local Rule 23-3 is inconsistent with

19   Federal Rule of Civil Procedure 23(c)(1)(A) and other Federal Rules and thus

20   cannot be enforced.  This argument is a non-starter.

21        Experian addressed previously plaintiff's impossibility arguments (*i.e.*,

22   plaintiff's claim he could not comply with other federal and local rules while at the

23   same time file his motion for certification within 90 days).  Similarly, there is no

24   inconsistency between Local Rule 23-3 and Federal Rule 23(c)(1)(A).  Prior to

25   2003, Federal Rule of Civil Procedure 23(c)(1)(A) provided:

26

27

28

LAI-2257416v5

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1    "When a person sues or is sued as a representative of a

2    class, the court must -- as soon as practicable -- determine

3    by order whether to certify the action as a class action."

4

5    In 2003, Federal Rule of Civil Procedure 23(c)(1)(A) was amended to change "as

6    soon as is practicable" to "at an early a practicable time." See FRCP 23(c)(1)(A).

7    Both Rule 23 (before and after the amendment) and Local Rule 23-3 require

8    that counsel should not delay in moving for certification of the class. The local rule

9    does not, as Plaintiff claims, "def[y] justice and common sense" because it imposes

10   "an unworkable class certification motion deadline." Rather, Local Rule 23-3

11   provides an escape hatch for situations in which it would be impracticable for

12   plaintiff to file the motion for certification within the 90-day period in the phrase

13   "unless otherwise ordered by the Court." This phrase adds flexibility to Local Rule

14   23-3 and allows a plaintiff to seek an extension to file the motion beyond the 90-

15   day period. Thus, contrary to plaintiff's claim, Local Rule 23-3 does not require an

16   immediate filing of class certification motions, while Federal Rule 23 does not.

17   Instead, both Local Rule 23-3 and Federal Rule 23 simply require a timely filing.

18   The fact that the local rule may identify a particular time period, such as 90 days

19   from filing class allegations, along with the "unless otherwise ordered" language

20   does not make the local rule inconsistent either in theory or practice with the

21   purpose of Rule 23(c)(1). Both the local rule and Federal Rule 23 require the

22   plaintiff to not unreasonably delay his filing of the class certification motion,

23   nothing more.

24   The purposes behind both Federal Rule 23 and local rules similar to the

25   Central District's Local Rule 23-3 are to encourage the class counsel to not delay or

26   postpone either the business of the court or informing the defendant of his potential

27   liability by failing to seek class certification in a timely manner. *See Jones*, 2006

28   U.S. Dist. LEXIS at *2-3 (circumventing local rule would frustrate purpose of Rule

LAI-2257416v5

16

EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF

1    23(c)(1)(A), which requires certification to be determined at "an early practicable

2    time"); *Main*, 168 F.R.D. at 576 ("Local Rule 10.2(b) [requiring motion for class

3    certification to be filed within 90 days] and Fed.R.Civ.P. 23(c)(1) share a similar

4    purpose.  That purpose is to give a clear definition to the parameters of the putative

5    class, to outline the claims involved in the class action and to apprise the defendants

6    of their potential liability as soon as practicable."); *McCarthy v. Kleindienst*, 741

7    F.2d 1406, 1411-12 (D.C. Cir. 1984) ("Fed.R.Civ.P. 23(c)(1) and Local Rule 1-

8    13(b) rest upon at least two fundamental policies. The first is that defendants are

9    entitled to ascertain at the earliest practicable moment whether they will be facing a

10    limited number of known, identifiable plaintiffs . . . Second, these rules foster the

11    interests of judicial efficiency, as well as the interests of the parties, by encouraging

12    courts to proceed to the merits of a controversy as soon as practicable.").  The 2003

13    amendment does not change the purpose behind or effect of Federal Rule

14    23(c)(1)(A). *See Jones*, 2006 U.S. Dist. LEXIS at *2-3.

15       Finally, as with all of plaintiff's arguments, plaintiff fails to cite any authority

16    for his argument that local rules governing when motions for class certification

17    should be filed are inconsistent with Rule 23(c)(1)(A).  The simplest and most

18    plausible explanation is that plaintiff's counsel was unaware of Local Rule 23-3

19    and, as a result, did not avail himself of its escape hatch.  Under such

20    circumstances, and based on the concerns raised by this error, the Court correctly

21    struck plaintiff's class action allegations on the grounds discussed herein.

22    **CONCLUSION**

23       The Court has already considered the matter of plaintiff's failure to comply

24    with Local Rule 23-3, and plaintiff has presented no evidence that the Court erred

25    in its order.  The Court was within its sound authority in issuing its July 17, 2006

26    Order striking the class allegations.  For all the foregoing reasons, Experian

27    respectfully requests that the Court deny plaintiff's motion to reconsider the Court's

28

1    prior ruling and affirm its ruling striking the class allegations from Plaintiff's

2    complaint.

3    Dated:  September 1, 2006            Respectfully submitted,

4                                         JONES DAY

5

6                                      By: _____

7                                            Suzanne Cate Jones

8                                      Attorneys for Defendant
                                           EXPERIAN INFORMATION

9                                      SOLUTIONS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-2257416v5

1

## PROOF OF SERVICE
## (CCP §§ 1013a, 2015.5)

2

3     STATE OF CALIFORNIA          )
                                   )        ss.
4     COUNTY OF LOS ANGELES        )

5            I am employed in the aforesaid County, State of California; I am over the
age of eighteen years and not a party to the within entitled action; my business address is:
6     555 S. Flower Street, 50th Floor, Los Angeles, California  90071.

7            On September 1, 2006, I served the foregoing:  **MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EXPERIAN
8     INFORMATION SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM COURT'S ORDER STRIKING PLAINTIFF'S
9     CLASS ACTION ALLEGATIONS** on the interested parties in this action by placing a
true copy thereof, enclosed in a sealed envelope, addressed as follows:

10    **Daniel J. Barness, Esq.**
      **Ira Spiro, Esq.**                      **Attorneys for Plaintiff**
11    **J. Mark Moore, Esq.**                  **LAURENCE STEARN**
      **Spiro Moss Barness Harrison & Barge, LLP**
12    **11377 W. Olympic Blvd., Fifth Floor**
      **Los Angeles, CA  90064**
13    **Tel: (310) 235-2464**
      **Fax: (310) 235-2456**
14

15    [X]    **BY MAIL:**  I caused such envelope to be deposited in the mail at Los Angeles,
             California.  The envelope was mailed with postage thereon fully prepaid as
16           follows: I am "readily familiar" with the firm's practice of collection and
             processing correspondence for mailing.  Under that practice, it would be deposited
17           with U.S. postal service on that same day with postage thereon fully prepaid at Los
             Angeles, California in the ordinary course of business.  I am aware that on motion
18           of the party served, service is presumed invalid if postal cancellation date or
             postage meter date is more than one day after date of deposit for mailing in
19           affidavit.

20    [ ]    **BY FEDERAL EXPRESS:**  I placed such envelope for deposit in the Federal
             Express drop slot for service by Federal Express.  I am "readily familiar" with the
21           firm's practice of collection and processing correspondence for mailing.  Under that
             practice it would be deposited with Federal Express on that same day at Los
22           Angeles, California in the ordinary course of business.  I am aware that on motion
             of the party served, service is presumed invalid if service is more than one day after
23           date of deposit for express service in affidavit.

24    [ ]    **BY PERSONAL SERVICE:**  I delivered such envelope to the offices of the
             addressee(s) with delivery time prior to 5:00 p.m. on the date specified above.

25           I declare that I am employed within the office of a member of the bar of this
      Court at whose direction the service was made.

26           Executed on September 1, 2006, at Los Angeles, California.

27

28                                                _____
                                                  TINA LINDEBAUM

LAI-2246436v1                                     1

FILED 

SCJ Working Copy

1   Daniel J. McLoon (State Bar No. 109598)
    djmcloon@jonesday.com

2   Suzanne Cate Jones (State Bar No. 157496)       2006 SEP -1  PM 4: 22
    scjones@jonesday.com

3   Lisa C. McCurdy (State Bar No. 228755)       CLERK U.S. DISTRICT COURT
    lcmccurdy@jonesday.com                        CENTRAL DIST. OF CALIF.
                                                      LOS ANGELES
4   JONES DAY
    555 South Flower Street                      BY_____

5   Fiftieth Floor
    Los Angeles, CA  90071-2300

6   Telephone:  (213) 489-3939
    Facsimile:   (213) 243-2539

7

8   Attorneys for Defendant
    EXPERIAN INFORMATION
    SOLUTIONS, INC.

9

10             **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13   LAURENCE STEARN, individually      Case No. CV06-2249 PA (SHx)
     and on behalf of all others similarly

14   situated,                          **DECLARATION OF SUZANNE**
                                         **CATE JONES IN SUPPORT OF**

15              Plaintiffs,             **DEFENDANT EXPERIAN**
                                         **INFORMATION SOLUTIONS,**

16        v.                            **INC.'S OPPOSITION TO**
                                         **PLAINTIFF'S MOTION FOR**

17   EXPERIAN INFORMATION               **RELIEF FROM COURT'S ORDER**
     SOLUTIONS, INC. and DOES 1-10,     **STRIKING PLAINTIFF'S CLASS**

18                                       **ACTION ALLEGATIONS**

19              Defendants.             [Filed Concurrently with Memorandum

20                                       of Points and Authorities in Opposition
                                         to Plaintiff's Motion]

21

22                                       Hearing:
                                         Date:  September 18, 2006

23                                       Time:  1:30 p.m.
                                         Judge: Honorable Percy Anderson

24

25

26           **DECLARATION OF SUZANNE CATE JONES**

27      I, <u>Suzanne Cate Jones</u>, do hereby declare and state:

28
    LAI-2105102v1

    DECLARATION OF SUZANNE CATE JONES IN SUPPORT OF EXPERIAN'S OPPOSITION TO
    PLAINTIFF'S MOTION FOR RELIEF FROM COURT'S ORDER STRIKING CLASS ALLEGATIONS

1.     I am an attorney admitted to practice law in the State of California and before this Court. I am a partner at the law firm of Jones Day, counsel of record herein for defendant Experian Information Solutions, Inc. (Experian). I make this declaration in support of Experian's Opposition to Plaintiff's Motion For relief From Court's Order Striking Plaintiff's Class Allegations (Motion For Relief"). This declaration is based upon my personal knowledge and, if called as a witness, I could and would testify competently to the matters below.

2.     On behalf of defendant Experian, I attended two in-person meetings with counsel for plaintiff in advance of the July 17, 2006 scheduling conference, pursuant to Federal Rule of Civil Procedure 26. I also was closely involved in preparation of Experian's portion of the parties' Joint Rule 26(f) Scheduling Conference Report ("Joint Report"), as well as all of the communications between counsel in connection with preparation the Joint Report. Never once during the in-person meetings or other communications between counsel did either party mention Central District Local Rule 23-3. Plaintiff counsel never asked me or any other attorneys at my firm for Experian to stipulate or agree to a request for relief from Local Rule 23-3. The proposed date in the Joint Report (a date chosen by plaintiff, not Experian) was simply a proposal to the Court and not intended by Experian to be a request for relief from Local Rule 23-3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was signed in Los Angeles, California, on September 1, 2006.

Suzanne Cate Jones

DECLARATION OF SUZANNE CATE JONES IN SUPPORT OF EXPERIAN'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF FROM COURT'S ORDER STRIKING CLASS ALLEGATIONS

1

**PROOF OF SERVICE**
**(CCP §§ 1013a, 2015.5)**

2

3    STATE OF CALIFORNIA      )
                              )    ss.
4    COUNTY OF LOS ANGELES  )

5          I am employed in the aforesaid County, State of California; I am over the
     age of eighteen years and not a party to the within entitled action; my business address is:
6    555 S. Flower Street, 50th Floor, Los Angeles, California 90071.

7          On September 1, 2006, I served the foregoing: **DECLARATION OF**
     **SUZANNE CATE JONES IN SUPPORT OF DEFENDANT EXPERIAN**
8    **INFORMATION SOLUTIONS, INC.'S OPPOSITON TO PLAINTIFF'S MOTION**
     **FOR RELIEF FROM COURT'S ORDER STRIKING PLAINTIFF'S CLASS**
9    **ACTION ALLEGATONS** on the interested parties in this action by placing a true copy
     thereof, enclosed in a sealed envelope, addressed as follows:

10   **Daniel J. Barness, Esq.**              **Attorneys for Plaintiff**
     **Ira Spiro, Esq.**                      **LAURENCE STEARN**
11   **J. Mark Moore, Esq.**
     **Spiro Moss Barness Harrison & Barge, LLP**
12   **11377 W. Olympic Blvd., Fifth Floor**
     **Los Angeles, CA 90064**
13   **Tel: (310) 235-2464**
     **Fax: (310) 235-2456**
14

15   [X]   **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles,
           California. The envelope was mailed with postage thereon fully prepaid as
16         follows: I am "readily familiar" with the firm's practice of collection and
           processing correspondence for mailing. Under that practice, it would be deposited
17         with U.S. postal service on that same day with postage thereon fully prepaid at Los
           Angeles, California in the ordinary course of business. I am aware that on motion
18         of the party served, service is presumed invalid if postal cancellation date or
           postage meter date is more than one day after date of deposit for mailing in
19         affidavit.

20   []    **BY FEDERAL EXPRESS:** I placed such envelope for deposit in the Federal
           Express drop slot for service by Federal Express. I am "readily familiar" with the
21         firm's practice of collection and processing correspondence for mailing. Under that
           practice it would be deposited with Federal Express on that same day at Los
22         Angeles, California in the ordinary course of business. I am aware that on motion
           of the party served, service is presumed invalid if service is more than one day after
23         date of deposit for express service in affidavit.

24   []    **BY PERSONAL SERVICE:** I delivered such envelope to the offices of the
           addressee(s) with delivery time prior to 5:00 p.m. on the date specified above.

25         I declare that I am employed within the office of a member of the bar of this
     Court at whose direction the service was made.

26         Executed on September 1, 2006, at Los Angeles, California.

27

                                        _____
28                                      TINA LINDEBAUM

LAI-2246436v1                           1