**E-Filed 5/14/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EUNICE M. HARMS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case Number C 07-0697 JF<br><br>ORDER[1] GRANTING MOTION TO TRANSFER VENUE<br><br>[re: docket no. 9] |

## I. BACKGROUND

On February 2, 2007, Plaintiffs Eunice Harms and Glenn Watanabe filed a complaint in this Court on behalf of themselves and all others similarly situated. The action "seeks redress of defendant Experian Information Solutions, Inc.'s ["Experian"] failure to adhere to FCRA's [Fair Credit Reporting Act] requirements of reasonable procedures in preparing and disseminating accurate credit reports relating to consumers." Complaint ¶ 1. Plaintiffs allege that:

> Within the five years before the filing of this Complaint, EXPERIAN prepared Consumer Credit Reports relating to Plaintiffs that contained false, misleading

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-0697 JF
ORDER GRANTING MOTION TO TRANSFER VENUE
(JFLC1)

and inaccurate information and distributed them to creditors, potential creditors and other third parties. The information was false, misleading and inaccurate with respect to Plaintiffs' respective home equity line of credit ("HELOC") accounts . . . . In brief, Plaintiffs' HELOCs, and all HELOCs, are secured by real property, yet EXPERIAN failed to clearly identify Plaintiffs' HELOCs as HELOCs or at least as debt secured by real property, and misrepresented the extent of Plaintiffs' respective unsecured revolving debt - making it appear more extensive than it actually was - through the inappropriate, willful use of misleading "Summary" sections, primarily in relation to the HELOCs.

Complaint ¶ 10. The complaint asserts one claim for willful noncompliance with the FCRA, 15 U.S.C. § 1681 *et seq.*

On March 7, 2007, Experian answered the complaint. On April 5, 2007, Experian moved to transfer venue to the Central District of California, primarily on the ground that Plaintiffs are forum shopping. Plaintiffs oppose the motion. The Court heard oral argument on May 11, 2007.

## II.  LEGAL STANDARD

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). A motion for transfer pursuant to § 1404(a) lies within the discretion of the Court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant such a motion turns on the facts of the particular case. *Id*. The factors to be weighed in deciding a motion for transfer include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Id*. at 498-99.

Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under § 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v.*

2

1  *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, the Court may
2  disregard the plaintiff's choice of forum where the plaintiff's suit is the result of forum-shopping.
3  *Alltrade. Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

### III.  DISCUSSION

1. <u>The Previously Dismissed Action in the Central District of California</u>

On April 13, 2006, Laurence Stearn ("Stearn") commenced an action ("the Stearn action") in the Central District of California against Experian for violations of the FCRA. Barness Decl. ¶ 1. Stearn was represented by the same attorneys who represent Plaintiffs in the instant action. The complaint asserted claims for both intentional and negligent violations of the FCRA. *Id.*[2] At a hearing on July 17, 2006, Judge Anderson struck the class allegations from the complaint for failure to comply with Central District Civ. L.R. 23-3, which provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . , the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." McCurdy Declaration Ex. 2 at 7-8. Stearn moved for relief from this order, and Experian filed opposition papers. *See* Barness Decl. Exs. C-D. However, Judge Anderson took the motion off calendar and did not issue a ruling. Barness Decl. ¶ 3. On September 28, 2006, counsel for Stearn proposed a stipulation for dismissal with prejudice, Motion 3, and the action was dismissed on October 2, 2007. Notice of Previous Dismissed Action Involving Similar Issues Ex. D.

Plaintiffs criticize Judge Anderson's order striking the class allegations from the Stearn action and his subsequent refusal to modify that order. However, it is not the role of this Court to review decisions of other district courts. In light of the absence of an adjudication to the contrary by the Ninth Circuit, this Court may not question the propriety of Judge Anderson's order in analyzing the instant motion.

---

[2]  Plaintiffs' counsel believe that "the course of the litigation in general, and discovery in particular, will be markedly different in the present action than it was in the Stearn Action" due to the fact that the Stearn action contains a negligent misrepresentation claim that does not appear in the instant complaint. Barness Declaration ¶ 1.

2.   <u>Convenience of the Parties and the Interests of Justice</u>

The foregoing circumstances suggest strongly that Plaintiffs are forum shopping, and that this Court should exercise its discretion in favor of a transfer. While the instant complaint may not include the negligence claim asserted in the Stearn action, the two complaints share extensive similarities. The named plaintiffs may have changed, but each action challenges the same underlying conduct by Experian, and the named plaintiffs in the instant action and the Stearn action appear to fall within the class definition of each complaint. *See* Complaint ¶ 21; Stearn Complaint ¶ 16. The primary effect of the stipulated dismissal was to allow Plaintiffs' counsel to refile a virtually identical suit in a new forum. This refiling does not benefit Stearn, since his action was dismissed with prejudice, but it does permit Plaintiff's counsel to seek a more favorably inclined judge. Such behavior should be discouraged.

Venue is proper in the Central District, as Experian's principal place of business is in Orange County. *See* 28 U.S.C. § 1391(b)(1). The location of many of Experian's records in Orange County also favors transfer to the Central District since it appears that access to proof will be easier in that district. While the named plaintiffs reside in this district, and the alleged misconduct with respect to the named plaintiffs occurred in this district, the Court concludes that the national scope of the asserted class action makes the place of execution of the particular agreements and the contacts at issue only marginally relevant. *See Italian Colors Restaurant v. American Express Company*, 2003 WL 22682482 *3 (N.D.Cal. Nov. 10, 2003) (unpublished). The other *Jones* factors provide little direction as to the proper forum for this action. However, in light of Plaintiffs' forum shopping, the Court concludes that the interests of justice tip strongly in favor of transferring this action. Accordingly, the motion to transfer the action will be granted.

3.   <u>Scope of the Court's Decision</u>

The parties dispute the scope of the relief sought by Experian. To clarify, the Court expresses no opinion as to whether this action may proceed as a class action, whether the rulings in the Stearn action have any preclusive effect on this action, whether the Stearn action otherwise alters the procedural posture of this action, or whether the local practices of the Central District of California require that this action be assigned to the same judge who presided over the Stearn

4

1  Action.

2                                    **IV.  ORDER**

3       Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to transfer

4  venue is GRANTED.  The action is hereby transferred to the Central District of California.

6  DATED: May 14, 2007

8                                              _____
                                                JEREMY FOGEL
9                                               United States District Judge

Case No. C 07-0697 JF
ORDER GRANTING MOTION TO TRANSFER VENUE
(JFLC1)

1   This Order has been served upon the following persons:

2   Daniel Isaac Barness            dan@spiromoss.com, gail@spiromoss.com

3   Suzanne Cate Jones              scjones@jonesday.com, iramirez@jonesday.com

4   Lisa Christine McCurdy          lcmccurdy@jonesday.com

5   Daniel John McLoon              djmcloon@jonesday.com, cmcdaniel@jonesday.com

6   J. Mark Moore                   mmoore@smbhblaw.com

7   James Mark Moore                mark@spiromoss.com, jeanette@spiromoss.com; gail@spiromoss.com

8

9   Brian James Recor               brecor@jonesday.com, toniksutton@jonesday.com

    Ira Spiro                       ispiro@smbhblaw.com

6

Case No. C 07-0697 JF
ORDER GRANTING MOTION TO TRANSFER VENUE
(JFLC1)